IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LOWER48 IP LLC,<br><br>                    Plaintiff,<br><br>   v.<br><br>SHOPIFY, INC.,<br><br>                    Defendant. | **Case No. 6:22-cv-00997-DAE**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF LOWER48 IP LLC'S OPPOSITION TO
DEFENDANT SHOPIFY INC.'S MOTION TO COMPEL
<u>DISCLOSURE OF THIRD-PARTY INTERESTS IN THIS LITIGATION</u>**

Shopify fabricated its motion to support a LinkedIn publicity campaign it launched just hours after filing the motion. In its motion, Shopify asks the Court to compel plaintiff Lower48 IP LLC ("Lower48") "to disclose information regarding third-party interests in this action, including the identity of any individuals or entities that have financial interests in the outcome of this litigation, whether as investors or litigation funders, and the scope of those interests." Mot. at 10. Purportedly concerned with unspecified conflicts of interest and the propriety of this Court presiding over the case, Shopify urges the Court to use its inherent powers to ensure compliance with 28 U.S.C. § 455. Because Shopify only argues for disclosure based on compliance with 28 U.S.C. § 455, Lower48 limits its response to that issue—even though other reasons, such as irrelevance, would be a proper ground to deny Shopify's discovery request, as numerous courts throughout the country have held.[1] For the reasons that follow, the

---

[1] See, e.g., *The Trs. Of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-cv-00727-ADA, Dkt. 250 (W.D. Tex. Jan. 18, 2023) (denying motion to compel production of information regarding litigation funding); *Mullen Industries LLC v. Apple Inc.*, No. 6-22-cv-00145, Dkt. 64 at p. 5 (W.D. Texas Oct. 19, 2022) (Albright, J.) (quashing deposition topics seeking information regarding litigation funders and/or litigation investors); *Fleet Connect Sols. LLC v. Waste Connections US, Inc.*, No. 2:21-CV-00365-JRG, 2022 U.S. Dist. LEXIS 129216, at *7 (E.D. Tex. 2022)(denying discovery into litigation financing based on lack of relevance.); *Pipkin v. Acumen*, No. 1:18-cv-00113-HCN-PMW, 2019 U.S. Dist. LEXIS 206233, at *3 (D. Utah 2019)(same); *Benitez v. Lopez, No. 17-CV-3827-SJ-SJB, 2019 U.S. Dist. LEXIS 64532, at *6 (E.D.N.Y. 2019)* ("No reasonable understanding of Rule 26 would permit discovery of the minimally probative information Defendants seek."); *Mackenzie Architects PC v. VLG Real Estate Developers LLC*, No. 1:15-cv-1105, 2017 WL 4898743, at *3 (N.D.N.Y. March 3, 2017); *VHT, Inc. v. Zillow Group, Inc.*, No. C15-1096JLR, 2016 WL 7077235, at *1 (W.D. Wash. Sept. 8, 2016); *Ashghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 197601, at *14 (E.D. Va. 2016) ("Information about a party's litigation funding is only relevant (and ultimately discoverable) if the requesting party has an actual basis for the relevancy of the information other than mere speculation or fishing."); (*Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12-CV9350, 2015 WL 5730101

Court should deny Shopify's motion. Alternatively, should the Court find that Shopify's arguments have merit, Lower48 has no objection to providing any necessary information in its possession, custody or control to the Court for an *in camera* review.[2]

**I.      Background.**

Lower48 filed this case on September 22, 2022. Dkt. 1. Shopify was served on October 7, 2022. Dkt. 10 at 1. Shopify moved to dismiss Lower48's original complaint under Rule 12(b)(6) on December 12, 2022. Dkt. 12. In response, Lower48 filed an Amended Complaint, which Shopify answered on January 17, 2023. Dkt. 16. None of Shopify's pleadings raised any issue with this Court's ability to preside over this case.

Two-hundred and forty-three days after receiving formal notice of this action, Shopify suddenly became concerned that this Court may have a conflict of interest—or so Shopify says in its motion. In reality, Shopify made the troubling decision to litigate this case in the press, looking for a reason to denigrate Lower48 as being an "unscrupulous opponent" that "lazily sit[s] back, burying hard working entrepreneurs in piles of legal paperwork"—*i.e.*, a "patent troll." *See*

---

(S.D.N.Y. 2015); *Yousefi v. Delta Elec. Motors, Inc.*, No. C13-1632RSL, 2015 U.S. Dist. LEXIS 180844, at *6 (W.D. Wash. 2015); *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, *2 (N.D. Ill. December 5, 2019) (denying discovery relating to "communications and information" relating to litigation funding as irrelevant and noting "[a]s a general matter, courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case").

[2] In that regard, Shopify asks the Court to order Lower48 "to disclose information" but does not state how the information should be disclosed. Public disclosure, however, including disclosure to Shopify, would certainly be unnecessary for the Court to check for any conflict of interest.

2

https://www.linkedin.com/pulse/shopify-vs-patent-trolls-defending-entrepreneurs-innovation-hertz/ (last visited June 14, 2023) at Burger Decl., Ex. 1.[3] According to Shopify's General Counsel, Jess Hertz, Shopify filed its motion because Shopify is "done with [Lower48's alleged] game," wherein Lower48 allegedly "want[s] to destroy and stifle" and "tear things down to make a profit" while its speculated funders "hide cowardly in the shadows." *Id.*

First, Lower48's lawful enforcement of its patent rights against an accused infringer like Shopify is not a game. As the Court is well aware, patent rights are embodied in the United States Constitution. Patents represent the innovative work of inventors, and like a deed to real property, patents are property rights and have value tied to their limited twenty-year term. Second, Shopify's claim that "judges need to know who's before them to ensure there is no conflict of interest" is out of sync here because the Court already has the information it needs to assess a potential conflict by virtue of Lower48's already-filed Rule 7.1 statement. And presumably the Court has determined there is no conflict because there has been no recusal. At bottom, Shopify filed its motion only to harass Lower48 as part of its "Shopify vs. Patent Trolls" publicity stunt launched more than eight months after Lower48 filed this suit. *See id.* Lower48 objects to Shopify's disparagement and prays the Court sees through Shopify's

---

[3] *See also,* https://www.reuters.com/business/retail-consumer/shopify-seeks-funding-disclosures-patent-owner-texas-lawsuit-2023-06-07/; https://ca.finance.yahoo.com/news/shopify-launches-fight-against-patent-153032189.html. (Last visited June 14, 2023)( collectively attached at Burger Decl., Ex. 2).

3

pretense about baseless conflicts of interest.

## II.     Legal standard.

Under the typical circumstances of a party seeking recusal, the moving party bears "a heavy burden of proof" in showing the Court should recuse under § 455. *Ayati-Ghaffari v. JPMorgan Chase Bank, N.A.*, Civil Action No. 4:18-CV-483, 2019 U.S. Dist. LEXIS 18107, at *3 (E.D. Tex. 2019). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g., Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The Fifth Circuit has interpreted this inquiry to require courts to "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995). Indeed, § 455 exists to mandate recusal in cases where it truly appears the presiding judge cannot consider the case impartially—not where a litigant's speculation implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974).

## III.    Argument.

Lower48 fully complied with the disclosure requirements of the Federal Rules of Civil Procedure and the Court's Local Rules. Dkt. 3. And based on those disclosures, the Court has not recused itself of this case. As the entity most knowledgeable about its

LLC membership and financials, Lower48 can confidently state that the Court has no financial interest in Lower48 and, thus, no reason to disqualify itself under 28 U.S.C. § 455.

Moreover, under normal discovery circumstances, Lower48 would not have to produce this category of documents to Shopify because those documents are not relevant to any claim or defense in this case or are protected by a privilege such as the work product doctrine. *See The Trs. Of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-cv-00727-ADA, Dkt. 250 at p. 5 (W.D. Tex. Jan. 18, 2023) (Gilliland, M.J.)(collecting cases and holding that "Courts, in this district and elsewhere, have routinely held that information about litigation funding is largely irrelevant and thus beyond the scope of discovery absent *a compelling showing of a legitimate concern* (such as standing or conflicts of interest).")(emphasis added). *See also supra* at n.1.

Before December 1, 2022, all nongovernmental corporate parties were required to file a disclosure statement that: (1) "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation." Fed. R. Civ. P. 7.1 (2021). Now, only nongovernmental corporate parties or nongovernmental corporations seeking to intervene must file this type of disclosure statement. Fed. R. Civ. P. 7.1 (2022). The Advisory Committee Notes to the rule state that this information "reflects the 'financial interest' standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges." *Id.* Canon 3C(1)(c) adopts the language of 28 U.S.C. § 455(b)(4), which states that a judge shall disqualify himself where:

> He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

*See Code of Conduct*.[4] 28 U.S.C. § 455(d)(4) — as well as Canon3C(3)(c) — defines "financial interest" to mean "ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party," with some exceptions that are inapplicable to this case.[5] The Advisory Committee also acknowledged that:

> Unnecessary disclosure requirements place a burden on the parties and on courts. Unnecessary disclosures of volumes of information may create a risk that a judge will overlook the one bit of information that might require disqualification, and also may create a risk that unnecessary disqualifications will be made rather than attempt to unravel a potentially difficult question. It has not been feasible to dictate more detailed disclosure requirements in Rule 7.1(a).

*Id.*

Additionally, Shopify conveniently butchers the Advisory Committee Notes to claim that "Rule 7.1 does not prohibit . . . requir[ing] disclosures in addition to those required by Rule 7.1" Mot. at 5. But what the Advisory Committee Notes actually provide is that "Rule 7.1 does not prohibit *local rules that require disclosures* in addition to those required by Rule 7.1." Fed R. Civ. P. 7.1 (emphasis added). Here, the United States District Court for the Western District of Texas has no local rule requiring additional

---

[4] Available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#d

[5] Notably, this definition does not appear in Shopify's motion.

6

disclosures.

Though it was not required under the current Rule 7.1, Lower48 filed a disclosure statement identifying Lower48 Analytics, Inc. as the only owner of more than 10% of Lower48's capital and voting interest. Dkt. 3. Having gone above all applicable disclosure requirements and the Court not recusing itself of this case following Lower48's disclosures, it is apparent that this Court has no financial interest in either Lower48 or Lower48 Analytics, Inc.[6] Further, this Court is not an officer, director, or trustee of Lower48. *See* 28 U.S.C. § 455(b)(5)(i). The same is true for all other persons identified by 28 U.S.C. §§ 455(b)(4) and (5). As far as the Court or any other relevant person under § 455 having "any other interest that could be substantially affected by the outcome of the proceeding," Shopify does not identify any particular interest.

The established practice in this Judicial District is to deny fishing exercises of this sort "absent a *compelling showing* of a *legitimate* concern." *See The Trs. Of Purdue Univ. v. STMicroelectronics, Inc.*, No. 6:21-cv-00727-ADA, Dkt. 250 at p. 5 (W.D. Tex. Jan. 18, 2023) (Gilliland, M.J.)(emphasis added); *Mullen Industries LLC v. Apple Inc.*, No. 6-22-cv-00145, Dkt. 64 (W.D. Texas Oct. 19, 2022) (Albright, J.) (quashing deposition topics seeking information regarding litigation funders and/or litigation investors).

If Shopify has any legitimate concern about the Court presiding over this case, Shopify is free to meet its burden and file a motion seeking recusal. But Shopify should

---

[6] Indeed, no entity referenced in this Court's most recent Financial Disclosure Report bears any known relationship to any entity referenced in Shopify's Motion. *See* https://www.uscourts.gov/judges-judgeships/judiciary-financial-disclosure-reports.

7

not waste this Court's judicial resources by filing a speculative motion for the purpose of bolstering its public relations campaign. Accordingly, because no circumstances exist that would trigger disqualification under 28 U.S.C. § 455, Shopify's motion should be denied.

## IV. Conclusion.

For the foregoing reasons, the Court should deny Shopify's motion to compel.

Dated: June 14, 2023	Respectfully submitted,

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tel/Fax: 512-865-7343

*Of Counsel:*
Ronald M. Daignault (*pro hac vice* to be filed)*
Chandran B. Iyer (*pro hac vice* to be filed)
Oded Burger (*pro hac vice*)*
Tedd W. Van Buskirk (*pro hac vice* to be filed)*
Zachary H. Ellis* (Texas State Bar No. 24122606)
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
oburger@daignaultiyer.com
tvanbuskirk@daignaultiyer.com
zellis@daignaultiyer.com
**DAIGNAULT IYER LLP**
8618 Westwood Center Drive - Suite 150
Vienna, VA 22182
*Not admitted to practice in Virginia

**Attorneys for Lower48 IP, LLC**

8