**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| LOWER48 IP LLC.,<br><br>          Plaintiff,<br><br>   v.<br><br>SHOPIFY INC.,<br><br>          Defendant. | **Civil Action No. 6:22-cv-00997-DAE**<br><br><br>**JURY TRIAL DEMANDED** |

## STIPULATED PROTECTIVE ORDER

       Before the court is the joint motion of the parties for the entry of a stipulated protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows.

1.      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. Nor does this Order entitle the parties to file confidential information under seal; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal.

Accordingly, the Court to enters the following Stipulated Protective Order.

2.      **DEFINITIONS**

2.1      <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "<u>CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      <u>Designating Party</u>:  a Party or Non-Party that designates Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE.'"

2.5     <u>Material</u>:  all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties or by Non-Parties.

2.6     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to this litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past, current, or anticipated officer, director or employee of a Party or Affiliate of a Party.  As used here, "<u>Affiliate</u>" means, with respect to a Party, any person or entity that, in the past, present, or future, is Controlled by, or under common Control with such Party.  And "Control" means with respect to a person or entity, the possession, directly or indirectly, of (a) more than fifty percent (50%) of the outstanding shares or securities of such person entity or (b) the right to direct or cause the direction of the management of such person or entity, whether through shares, securities, contract or otherwise.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel:  attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party as well as their support staff.

2.12    Party:  any party to this action, including all of its officers, directors, and employees.  For the avoidance of doubt, Party is limited to the named parties to this case and does not include Lower48 Analytics, Inc., any entity that is providing litigation funding for this litigation or any entity that has a financial interest in Lower48 IP LLC, Lower48 Analytics, Inc. or the outcome of this litigation.

2.13    Producing Party:  a Party or Non-Party that produces Material in this action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

2.15    Protected Material:  any information of any type, kind, or character that is designated as  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    Receiving Party:  a Party that receives Material from a Producing Party.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Manner and Timing of Designations.  A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL - SOURCE CODE") may be made at any time. Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify the level of protection being asserted.  A Designating Party may specify, at the deposition or up to 21 days afterwards, that portions of testimony or the entire transcript shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.2     Inadvertent Failures to Designate.  An inadvertent failure to designate Protected Material not waive the Designating Party's right to secure protection under this Order for such material.  On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend. The Receiving Party must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material

from anyone who had received it, and destroy any electronic copies of the previously produced version.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    A Receiving Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; it is not obligated to do so at the time the designation is made. Challenges must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper. The Receiving Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court. If the parties are unable to agree concerning a challenge, the Receiving Party may pursue its challenge by Motion.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party or individual, including without limitation experts, receiving Protected Material may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this action, including without limitation for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When this litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) Exhibit A is served upon the producing Party with a notice disclosing in good faith (i) the full name of the person and the city and state of his or her primary residence; (ii) an up-to-date curriculum vitae of the person, (iii) employment history identifying all past and current employment and consulting relationships, including as an officer or director, for the past seven (7) years; (iv) each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding seven (7) years, as determined following a reasonable review by the expert; (v) all anticipated employment and business relationships, including as an officer or director, (vi) any previous, current or anticipated relationship (personal or professional) with any of the Parties; and (vi) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding seven years.  If a consulting relationship is confidential, it will be disclosed on a HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY basis to the extent permitted by law and contractual obligations,

otherwise it will be noted as disclosed as "Confidential Consulting Relationship" and the Expert should provide the above information the Expert believes can be disclosed without violating any confidentiality agreements, including the general industry and timeframe of the relationship will be noted.

(d)      the court and its personnel;

(e)      court reporters and their staff, professional jury or trial consultants, mediators and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and mock jurors provided that each mock juror has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(f)      the Producing Party, the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or any person designated by the Producing Party pursuant to Rule 30(b)(6) while that person is testifying in such representative capacity at deposition or trial in this action.

7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) Exhibit A is served upon the producing Party with a notice disclosing in

good faith (i) the full name of the person and the city and state of his or her primary residence; (ii) an up-to-date curriculum vitae of the person, (iii) employment history identifying all past and current employment and consulting relationships, including as an officer or director, for the past seven (7) years; (iv) each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding seven (7) years, as determined following a reasonable review by the expert; (v) all anticipated employment and business relationships, including as an officer or director, (vi)  any previous, current or anticipated relationship (personal or professional) with any of the Parties; and (vi) identifies (by name and number of the case and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding seven years.   If a consulting relationship is confidential, it will be disclosed on a HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY basis to the extent permitted by law and contractual obligations, otherwise it will be noted as disclosed as "Confidential Consulting Relationship" and the Expert should provide the above information the Expert believes can be disclosed without violating any confidentiality agreements, including the general industry and timeframe of the relationship will be noted.

(c)      the court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, Professional Vendors to whom disclosure is reasonably necessary for this litigation, and mediators and their staff; and

(e)      the Producing Party, the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or

any person designated by the Producing Party pursuant to Rule 30(b)(6) while that person is testifying in such representative capacity at deposition or trial in this action.

       7.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

       (a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

       (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (3) have the completed the additional disclosure requirements in 7.4(c) below and (4) Exhibit A is served upon the producing Party with a notice disclosing in good faith (i) the full name of the person and the city and state of his or her primary residence; (ii) an up-to-date curriculum vitae of the person, (iii) employment history identifying all past and current employment and consulting relationships, including as an officer or director, for the past seven (7) years; (iv) each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding seven (7) years, as determined following a reasonable review by the expert; (v) all anticipated employment and business relationships, including as an officer or director, (vi)  any previous, current or anticipated relationship (personal or professional) with any of the Parties; and (vi) identifies (by name and number of the case and location of court) any litigation in connection with which the

Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding seven years.  If a consulting relationship is confidential, it will be disclosed on a HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY basis to the extent permitted by law and contractual obligations, otherwise it will be noted as disclosed as "Confidential Consulting Relationship" and the Expert should provide the above information the Expert believes can be disclosed without violating any confidentiality agreements, including the general industry and timeframe of the relationship will be noted.

(c)     Prior to the first inspection of any requested Source Code, the receiving Party shall provide ten (10) days' notice that it wishes to inspect the Source Code. The receiving Party shall provide five (5) business days' notice prior to any additional inspections of the same Source Code. At least five business (5) days in advance of a Source Code inspection, the receiving Party shall identify all persons who will inspect the Source Code, with such identification being in addition to any other disclosure required under this Order. The Parties will be reasonable in accommodating requests of less than the aforementioned days.

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, Professional Vendors to whom disclosure is reasonably necessary for this litigation.

7.5 Objections to Disclosure of Protected Material to Experts

(a)     A Party that makes a request and provides the information specified in the preceding Sections 7.2-7.4 may disclose the subject Protected Material to the identified Expert unless, within 10 calendar days of delivering the request or 3 calendar days for the additional identification of individuals who will inspect source code specified in 7.4(c), the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the

grounds on which it is based. In the event the Designating Party makes a timely objection, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.

(b)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If the parties cannot reach an agreement, the Party objecting to the Expert may within (3) three business days following the meet and confer file a motion for a protective order preventing disclosure of Protected Material to the Expert or for other appropriate relief.  For the avoidance of doubt, the Party objecting to the Expert is not obligated to file a motion to prevent disclosure until three (3) business days following the meet and confer.  If the objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party, whichever occurs first.

## 8.   PROSECUTION BAR

8.1     Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information directed to technical information of the Designating Party, including without limitation any Third Party, but excluding financial data or non-technical business information shall not be involved in the prosecution of patents or patent applications, including without limitation the patents asserted in this action and any patent or application

claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), relating to (i) the field of invention of the patents in suit, including hierarchical and/or relational data arrangements as related to databases, and manipulation of such data arrangements; transformation of data elements or signals, as related to querying of a database; and (ii) the subject matter of the information disclosed in "HIGHLY CONFIDENTIAL – SOURCE CODE" material or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material covering the same scope as "HIGHLY CONFIDENTIAL – SOURCE CODE" material.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.

To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review, or covered business method review).  Notwithstanding the foregoing, an attorney that is otherwise subject to this provision may participate in activities defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, or *inter partes* review, post grant review, or covered business method review), provided that the attorney does not participate in any activities, directly or indirectly, involving drafting or amending the scope of any added or amended claim.

This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action (including any appeals).

9.     **SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel selected by the Producing Party.  The source code shall be made available for inspection on a secured computer (that is, a computer not connected to a network or the Internet, and that is locked down so that peripheral devices cannot be connected to it) in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced source code material on the stand-alone computer.  The Producing Party will produce source code material in computer searchable format on the stand-alone computer as described above.

(d)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized

recording, copying, or transmission of the source code.  In order to verify that its source code has not later been altered, the Producing Party may benchmark the materials to confirm that the materials have not been altered before and after they are provided but shall not install any keystroke or other monitoring software on the source code computers.

(e)      Persons inspecting source code are prohibited from bringing outside electronic devices, including but not limited to cellular phones, cameras, laptops, floppy drives, zip drives, personal digital assistances, voice records, telephone jakes or other hardware into the secure room, with the exception of medical devices, implants, or equipment reasonably necessary for a legitimate medical reason.  Use of any recording or memory device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the computer containing the source code.

(f)      The Receiving Party shall provide ten (10) calendar days' notice that it wishes to inspect the source code prior to its first inspection.  The Receiving Party shall provide five (5) business days' notice prior to any subsequent inspections.  The Receiving Party must identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection no less than 48 hours in advance of any such inspection.  The Producing Party shall provide access to the source code computer from 9 a.m. to 5 p.m. local time on business days (i.e., weekdays that are not federal holidays) for review by the Receiving Party.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer outside of normal business hours. Proper identification of all persons inspecting the source code must be provided prior to any access to the source code computer.  Access to the

source code computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(g)     All persons who review a Producing Party's source code on behalf of a Receiving Party shall sign on each day they view source code a log that will include the names of persons who enter the secure location to view the source code and when they enter and depart each day. The Producing Party's Outside Counsel of Record shall maintain the log and any party shall be entitled to review the log.

(h)     The Receiving Party may use at least one text editor such as Notepad++, which shall be provided and installed by the Producing Party, that is capable of printing out source code with page and/or line numbers in either hard-copy or as a PDF.  The Receiving Party's Outside Counsel of Record and/or Experts may request that other commercially available licensed or freeware software tools for viewing and searching source code be installed on the secured computer at the Receiving Party's expense provided that such tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with the protections herein.  The Receiving Party must provide the Producing Party with the CD, DVD, other media containing such software tool(s), or instructions for downloading such software tool(s), if necessary, at least five (5) business days in advance of the inspection.  Unless otherwise agreed in writing by the parties, the Receiving Party must not at any time use any compilers, interpreters or simulators in connection with the Producing Party's source code.   Except as otherwise provided herein or agreed in writing by the parties, no tools may be installed on the source code computer which have the effect of altering, modifying, deleting, copying or otherwise permitting the reproduction or removal of any source code, except for tools solely for creating printable files on the source code review computer for printing by the Producing Party.

(i)      The Receiving Party's Outside Counsel and/or Expert shall be entitled to take written notes relating to the source code but shall not include verbatim copying of the source code into the notes.  Notwithstanding this provision, file name and location (i.e. directory path) may be copied into the notes.  The Receiving Party's Outside Counsel and/or Expert shall also be allowed to bring into the review room hard copy (i.e. paper) notes and case materials. Upon reasonable advance request by the Receiving Party, the Producing Party will provide a non-networked laptop that allows the Receiving Party to take typed notes in the Source Code review room. These notes shall not include verbatim copying of the source code into the notes.  At the end of each review day, the Receiving Party may copy the notes to an encrypted thumb drive, which shall remain at the Producing Party's office, then delete the notes off the laptop. Prior to logging onto the source code computer, the Receiving Party may copy notes off the encrypted thumb drive onto the non-networked note taking laptop and then return the encrypted thumb drive to the Producing Party for storage.  During the pendency of this litigation, neither the Producing Party nor anyone affiliated with the Producing Party may inspect the typed notes without a Court order authorizing inspection.  Except that, at the conclusion of code review, an employee of the Producing Party's Outside Counsel that performs no other work on this matter may copy the notes to a duplicate encrypted  thumb drive and provide that thumb drive to the Receiving Party.  At all times, the encrypted thumb drive must be hand carried or in a locked storage container.[1]  That employee may not review the contents of the notes nor discuss the contents of the note with the Producing Party, the Producing Party's Outside Counsel or anyone else.  Upon completion of this litigation, the Expert shall provide all notes relating to the source code to the Receiving Party's Outside Counsel, who will be responsible for preserving such

---

[1] When stored in an expert's workplace, such encrypted thumb drives will be stored in a safe.

notes in accordance with the terms of this Protective Order or certify destruction of such notes under the protective order.  For clarity, the expert is entitled to use and possess his or her notes for purposes related to the expert's work in this case, without limitation including, for example, deposition preparation, drafting of expert reports, deposition, and trial testimony.  All such notes shall be treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(j)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of facilitating the review of the source code outside of the secure room in the first instance; the source code is to be reviewed and analyzed using the stand alone computer.  Within 5 business days of such request, the Producing Party shall either (i) deliver two (2) copies of such printouts to one or more offices of the Receiving Party's Outside Counsel or (ii) provide notice that the printed portions are excessive or not done for a permitted purpose.  The Receiving Party is presumptively limited to printing no more than 25 consecutive pages, and an aggregate total of no more than 300 pages, of source code during the duration of this case.  The Parties agree to negotiate these presumptive limits in good faith in the event the Requesting Party seeks to exceed these limits.  If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity or that the amount of printed source code is excessive, the Producing Party and the Receiving Party will meet and confer within three (3) business days of the Producing Party's objection.  If the Producing Party and the Receiving Party cannot

resolve the objection, the Receiving Party may, within five (5) business days after the meet and

confer, seek the Court's resolution of whether the request is narrowly tailored for a permitted

purpose.  The burden will be on the Receiving Party to demonstrate that such portions are no

more than is reasonably necessary for a permitted purpose, and not merely for the purpose of

review and analysis in another location.

      (k)     A Receiving Party of any paper copies of any source code must always keep the

paper copies of the source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE"

at the office of the Receiving Party's Outside Counsel of Record or at the workplace of the

Receiving Party's expert and may not be transported, except as explicitly permitted below.  The

delivered copy sets must be kept in a locked storage container at the office of the Receiving

Party's Outside Counsel of Record or Receiving Party's expert's workplace[2] where they will not

be accessible to persons other than those allowed access under this Order when the paper copies

of the source code are not in use.  The Receiving Party may not reproduce the paper copies of the

source code, absent written agreement of the Producing Party.  The Receiving Party must

maintain a source code access log identifying persons who viewed, accessed, analyzed or

transported the source code.  The Receiving Party must produce such log to the Producing Party

with a copy of the log on two business days' notice, but no more than once per month, absent a

showing of good cause.

      (l)     Except as provided herein, absent express written permission from the Producing

Party, the Receiving Party may not create electronic images, or any other images, or make

electronic copies, of the source code from any paper copy of the source code designated as

"HIGHLY CONFIDENTIAL - SOURCE CODE" for use in any manner (including, by way of

---

[2] When stored in an expert's workplace, such paper copies will be stored in a safe.

example only, the Receiving Party may not scan source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" to a PDF or photograph the code). Paper copies of the source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" also may not be converted by the Receiving Party into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. The exception to this restriction is for the Receiving Party's expert reports, including any rebuttal reports, and for filings with the Court (subject to the limitations below) and including without limitations any draft materials for the foregoing expert and filing materials. To the extent it is necessary to reference source code in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but in no event may an excerpt exceed 30 contiguous lines of code. Longer excerpts shall not be copied for use in an expert report or other discovery document but shall be referred to by citations to Bates Numbers and/or file names and line numbers on the source code computer. Furthermore, in order to safeguard the Producing Party's source code that may be replicated in an expert report, the parties agree that any copies of such reports that include any portion of the Producing Party's source code will either be delivered by hand delivery or, if transmitted electronically, transmitted by encrypted delivery with the password separately and securely transmitted. For avoidance of doubt, copies of such reports where any source code has been redacted or removed may be transmitted electronically without any encryption subject, however, to the other provisions herein. Images or copies of source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" must be omitted from correspondence between the parties (references to production numbers shall be used instead), pleadings and papers whenever possible. If the Receiving Party reasonably believes that it needs to submit a portion of source code designated as "HIGHLY CONFIDENTIAL -

SOURCE CODE" as part of a filing with the Court, the Receiving Party agrees that it must observe the following minimum protections in making the filing: (i) if any portion of source code is included in a filing, the Receiving Party will copy the minimal amount of source code that is necessary for purposes of that filing; (ii) the filing will be made only under seal, and all confidential information concerning the source code must be redacted or removed in any public versions of the filed documents; and (iii) the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of source code in connection with a filing must at all times be limited solely to individuals who are expressly authorized to view source code under the provisions of this Order.  Nothing in this section shall restrict the use of source code at trial or at a hearing in a sealed courtroom, including without limitation presentation to the Court or jury of contiguous sections of code longer than 40 lines.  If the courtroom is not already sealed, the party seeking to introduce the source code must move to seal the courtroom prior to introduction of the source code in Court.

     (m)     Source Code at Depositions and Court Proceedings

     1.     For any deposition which the parties agree will be conducted remotely, upon seven (7) calendar days' notice, the Receiving Party may request that the Producing Party make available PDF printouts of source code for use only during a remote deposition.

     2.     For any deposition which the parties agree will be conducted in person, the Parties agree to negotiate in good faith regarding how to handle source code at those depositions.

     3.     The Receiving Party may temporarily keep the paper copies of the source code at: (a) the Court for any proceedings(s) relating to the source code, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the source code are taken,

for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the copies (e.g., a hotel prior to a Court proceeding or deposition).  The source code must be transported by the Receiving Party's outside counsel of record or employees thereof (who are bound by the protective order), and must be transported to these temporary locations by hand in a locked and secure case, or by other means agreed to by the parties.  Source code printouts may not be shipped, scanned, or electronically transmitted by the Receiving Party.

        4.        Copies of source code designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather the deposition record will identify such an exhibit by its production numbers.  At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party, destroyed, or taken back to the offices of the Receiving Party's outside counsel or expert.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

        If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

        (a)        promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

        (b)        promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The materials sought may be produced with the agreement of the Designating Party or if the Designated Party does not respond in fifteen (15) business days after receiving the written notice in 10(a) above.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  A Non-Party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons to execute the

"Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
         PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If

information is produced in discovery that is subject to a claim of privilege or of protection as

trial-preparation material, the party making the claim may notify any party that received the

information of the claim and the basis for it.  After being notified, a party must promptly return

or destroy the specified information and any copies it has and may not sequester, use, or disclose

the information until the claim is resolved.  This includes a restriction against presenting the

information to the court for a determination of the claim except that the Producing Party will

provide the document to the Court in response to a court order for in camera review.

**14.    MISCELLANEOUS**

14.1    <u>Modification and Exceptions</u>.  The parties may, by stipulation, provide for

exceptions to this Protective Order and any party may seek an order of this court modifying this

Protective Order.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

no Party waives any right to object on any ground to use in evidence of any of the material

covered by this Protective Order.

14.3     <u>Transmittal of Protected Material Outside the United States and Export Control</u>.

Absent written permission, a Receiving Party will not transmit or transport Protected Material

outside of the United States and Canada.  Disclosure of Protected Material shall be subject to all

applicable laws and regulations relating to the export of technical data contained in such

Protected Material, including the release of such technical data to foreign persons or nationals in

the United States or elsewhere.

14.4     <u>Filing Protected Material</u>.  Without written permission from the Designating Party

or a court order secured after appropriate notice to all interested persons, a Party may not file in

the public record in this action any Protected Material.  A Party that seeks to file under seal any

Protected Material must comply with the Court's rules and procedures.

14.5     <u>Waiver</u>: Pursuant to Federal Rule of Evidence 502, neither the attorney-client

privilege nor work product protection is waived by disclosure connected with this litigation.

14.6     <u>Enforcement and Jurisdiction</u>. Absent a transfer, this Court will have jurisdiction

to enforce this Order, even following the final disposition of this action. In the event of transfer,

however, the transferee Court will have exclusive jurisdiction to enforce this Order, even

following the final disposition of this action. Every individual who reviews Protected Material

agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to

the enforcement of this Order.

14.7     <u>Injunctive Relief</u>. Every individual who reviews Designated Material

acknowledges that a breach of this Order may result in immediate and irreparable injury for

which there is no adequate remedy at law. A party may immediately apply to obtain temporary,

preliminary, and permanent injunctive relief against a violation or threatened violation of this

Order.  This Section does not operate as any concession or agreement to the merits of any motion

for injunctive relief or a waiver of any defenses.  Pending disposition of the injunctive relief

motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall

discontinue the performance of and/or shall not undertake the further performance of any action

alleged to constitute a violation of this Order. Unauthorized or inadvertent disclosure does not

change the status of Protected Material or waive the right to hold the disclosed document or

information as Protected.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each

Receiving Party must return all Protected Material to the Producing Party or destroy such

material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected

Material.  For the avoidance of doubt, any source code print outs delivered pursuant to Paragraph

9(h) shall be either destroyed or returned.  The Receiving Party is not entitled to retain an

archival copy of such documents, even if they are submitted as trial exhibits.  Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

It is SO ORDERED.

SIGNED: October 2, 2024.

David Alan Ezra
Senior United States District Judge