## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

LOWER48 IP LLC,

       *Plaintiff*,

   v.

SHOPIFY INC.,

       *Defendant*,

Case No. 6:22-cv-00997-DAE

**JURY TRIAL DEMANDED**

## PLAINTIFF LOWER48 IP LLC'S SECOND MOTION TO COMPEL

## <u>TABLE OF CONTENTS</u>

I.    Summary of the Argument.................................................................................. 1

II.    Relevant Background....................................................................................... 2

III.    Legal Standard ............................................................................................. 3

    A.    Lower48 is Entitled to Source Code for the Accused Products............................ 4

    B.    Ms. Hertz Should Sit for Deposition................................................................. 6

IV.    Conclusion .................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd*,
 282 F.R.D. 259 (N.D. Cal. 2012) ............................................................................. 7
*Asplundh Tree Expert, Co. v. Alamo Grp., Inc.*,
 No. SA-12-CA-516-DAE, 2013 WL 12126010 (W.D. Tex. June 10, 2013) ............................ 7
*Crosby v. La. Health Serv. & Indem. Co.*,
 647 F.3d 258 (5th Cir. 2011) ............................................................................. 3
*In Re: Linh Deitz*,
 Case No. 6:24-mc-00491-DAE (W.D. Tex.) ............................................................. 6
*In re: Motion to Quash by Erin Madill*,
 Case No. 6:24-mc-00489-DAE (W.D. Tex.) ............................................................. 6
*Moorhead v. Klene*,
 No. A-19-CV-00203-LY, 2019 WL 4261125 (W.D. Tex. Sept. 9, 2019) .............................. 4
*Rakay v. Hyatt Corp.*,
 No. 1:20-CV-0575-LY, 2021 WL 783552 (W.D. Tex. Mar. 1, 2021) ................................. 3
*United Servs. Auto. Ass'n ("USAA") v. Mitek Sys., Inc.*,
 No. SA-12-CV-282-FB, 2013 WL 12092408 (W.D. Tex. Oct. 8, 2013) ............................... 4
*Zentian Ltd. v. Amazon.Com Servs. LLC*,
 2023 WL 9502619 (W.D. Tex. Sept. 8, 2023) ........................................................ 5

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................... 3

Plaintiff Lower48 IP LLC ("Lower48") files this Second Motion to Compel Defendant Shopify, Inc. ("Shopify") to produce within one (1) week of this Court's Order certain source code, and to produce Shopify's General Counsel, Ms. Jessica Hertz, for a three-hour deposition.

## I.    SUMMARY OF THE ARGUMENT

This case is approaching the close of fact discovery on April 4, 2025.  It is incumbent on Lower48 as plaintiff to meet its burden of proof at trial, and Shopify's repeated refusal to produce directly relevant evidence has stymied its legitimate efforts to do so.

This Motion represents the second instance in which Lower48 has been forced to file a motion to compel. In the first such instance, Shopify withdrew its opposition days after the Court set a hearing.  Once again, Lower48 finds itself in the position of missing key source code to prove its case.  The source code issue is thankfully a much more discrete one; while meeting substantial and consistent resistance, Lower48 has obtained much of the source code it needs to prove the existence and scope of infringement.  During a recent deposition, Shopify's only technical witness to testify thus far named an additional accused and non-public Shopify API that uses GraphQL, the accused functionality at issue.  But Shopify continues to withhold source code for this API and for the GraphQL functionality of its online stores, including:

a.    a non-public API described by Shopify's witness Mr. Vieira;[1] and

b.    GraphQL source code related to the functioning of merchant online stores created with Shopify's platform that is not included in the above or other API's.

Secondly, Shopify's in-house counsel, Ms. Jessica Hertz, took it upon herself to publish incendiary and/or demonstrably false statements about Lower48 and other entities.  Ms. Hertz also expresses Shopify's intentional conduct inconsistent with existing laws of the United States in

---

[1] *See* Ex. 5, Vieira Dep. Tr., at 27:1–2, 31:6–32:3; Ex. 8, Sealed Appendix of Confidential Information, at ¶ 1.

view of her caricature of IP Edge, U.S. Innovation Fund, and an as-yet nonexistent aspirational patent statute that might better meet her worldview. These statements (which are, in Lower48's assessment, in some cases misstatements) are directly related to Shopify's policies regarding licensing valid and subsisting United States patents and its conduct during this litigation, including potential litigation misconduct.

The Court should compel Shopify to produce the requested source code and to make Ms. Hertz available for a three-hour deposition.

## II.    RELEVANT BACKGROUND

Lower48 has described the improper discovery behavior of Shopify's counsel in its previous Motion to Compel. *See* Dkt. 59 at 3. One of its preferred techniques is obfuscation by email and repeated claims that any effort to require it to compel core information is unripe. Shopify's obstruction and delay has only increased in the intervening period, forcing Lower48 again to seek relief from the Court.[2]

Lower48 brought its Original Complaint against Shopify on September 22, 2022, alleging patent infringement of four patents. *See* Dkt. 1. Lower48 has accused Shopify's products which use the accused GraphQL functionality. *See, e.g.*, *id.* at ¶ 7. And under the current scheduling order, fact discovery is set to close on April 4, 2025. *See* Dkt. 73-1 (granted by the Court in a text-only order on January 14, 2025).

Lower48 requested that Shopify produce the source code relevant to this Motion on December 19, 2024, after it was described by a Shopify witness during a deposition the previous

---

[2] As an example of this behavior, Lower48 has sought to obtain the current source code since December 19, 2024. On January 29, 2025 Shopify's counsel insisted that the requested API is public despite its witnesses' testimony. Then, in the meet and confer of February 6, 2025, Shopify took the position that the requested API does not exist. And Shopify's delays in source code production, document production, and deposition scheduling have created a situation where Shopify has taken six (6) fact depositions, and Lower48 has been able to take one (1).

day. *See* Ex. 1, December 19, 2024 E-mail Gervey to Herriot.  The parties exchanged emails about this source code on December 20, 2024 and January 7, 2025.  *See* Ex. 2, E-mail Dec. 20, 2024 Herriot to Gervey; Ex. 3, January 7, 2024 E-mail Gervey to Herriot.  The parties also conferred by videoconference on January 7, January 13, January 29, and February 6, 2025, and subsequently exchanged e-mails regarding all the requests that are the subject of this Motion. During the videoconference on January 29, Shopify informed Lower48 that it would not be producing the source code relevant to this Motion, and Lower48's further attempts at a compromise were unsuccessful. *See* Ex. 4, February 5, 2025 E-mail Gervey to Herriot.

Lower48 first requested the deposition of Ms. Hertz, on August 30, 2024. The parties have exchanged several e-mails regarding this deposition and conferred by videoconference at least on February 6, 2025. Shopify has refused to agree to make Ms. Hertz available for deposition in any way.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). It also provides the six factors for determining whether the discovery sought is proportional to the needs of the case: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011); *Rakay v. Hyatt Corp.*, No. 1:20-CV-0575-LY, 2021 WL 783552, at *2 (W.D. Tex. Mar. 1, 2021). "If the information sought appears relevant on its face,

the party from whom discovery is sought bears the burden to establish lack of relevance …" *United Servs. Auto. Ass'n ("USAA") v. Mitek Sys., Inc.*, No. SA-12-CV-282-FB, 2013 WL 12092408, at *3 (W.D. Tex. Oct. 8, 2013). A "party opposing discovery on the basis that it is overbroad and unduly burdensome bears the burden of showing why discovery should be denied." *Moorhead v. Klene*, No. A-19-CV-00203-LY, 2019 WL 4261125, at *2 (W.D. Tex. Sept. 9, 2019). And, "the Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Id.* at *2.

### A.    Lower48 is Entitled to Source Code for the Accused Products.

As argued previously, Lower48 requires production of source code of the Accused Products as it defines them, not as Shopify chooses to interpret them. Shopify argues that the requested source code discovery here is unwarranted because the requested API is publicly disclosed, not specifically accused in Lower48's infringement contentions, and purportedly does not exist. Shopify also protests that the parties' agreement to resolve Lower48's First Motion to Compel purportedly precludes Lower48 requesting this code. Shopify is wrong on both counts. First, Shopify's witness described the requested API as non-public. *See* Ex. 5, Vieira Dep. Tr., at 27:1–2, 31:6–32:3. Lower48 also specifically requested source code for the Accused Products in Request No. 16. *See* Dkt. 59-2 at 13 (and here, the "Accused Products" include all of Shopify's products that use GraphQL). And Lower48 has been consistent since the outset of the case—APIs such as those requested here are Accused Products because they use GraphQL. In its Original Complaint, Lower48 accused the "Shopify GraphQL Products and Services" and the "Shopify GraphQL System" as infringing Lower48's patents, including products and services that:

> rely, utilize, and/or employ in whole or in part functionality relating to the GraphQL query language … (Hereinafter, referred to collectively and individually as the "Shopify GraphQL Products and Services".)

4

Dkt. 1 at ¶ 7. Shopify does not dispute that the API's for which source code is sought are expressed in GraphQL query language. Plaintiff further explained that the "Shopify GraphQL System" included "mobile application software, website access, webservers, API servers, database servers, servers, data storage devices, front-end software, back-end hardware, and back-end software." *Id.* at ¶ 9. Plaintiff's theory of infringement has not changed.[3] Shopify source code production for Accused Products is insufficient. *See, e.g.*, *Zentian Ltd. v. Amazon.Com Servs. LLC*, 2023 WL 9502619, at *3 (W.D. Tex. Sept. 8, 2023).

Second, Lower48 agreed that its First Motion to Compel could be dismissed *as moot without prejudice* because Lower48 had obtained enough discovery to move forward at that point. *See* Dkt. 72. Indeed, if Lower48 had prevailed on that motion, Shopify would have been required to identify and produce source code for *all* its APIs and other sofware that used GraphQL. But resolving that motion did not mean that if Shopify witnesses named additional API's using GraphQL during further discovery (as has occurred here) that Lower48 abandoned the right to seek additional source code review.[4]

The Court should compel Shopify to produce the requested source code related to the non-public API described by Mr. Vieira and the GraphQL source code related to the functioning of merchant online stores created with Shopify's platform that is not included in the above or other APIs.

---

[3] Instead of producing this source code, since Lower48 specifically requested it on December 19, 2024, Shopify has sent at least 6 letters and 10 e-mails about purported deficiencies in the written discovery responses and document production of Lower48 and/or the myriad third parties that Shopify has subpoenaed in this case.

[4] Lower48 is not seeking source code for the more than twenty (20) "Tools" that it named in its First Motion to Compel.

**B.    Ms. Hertz Should Sit for Deposition**

Rather than litigate the merits of the case, Shopify has opted to subpoena a litany of nonparties ranging from law firms to former office staff who have had nothing to do with this case.

Yet Shopify now refuses to present Ms. Hertz to discuss its IP policies related to this case that she has shared on social media.  After personally grandstanding about this case on social media while this case was pending, after smearing Lower48 and various nonparties, and after expressing Shopify's policies antagonistic to entire classes of patent holders that are equally protected by the patent laws of the United States, Ms. Hertz should sit for a half day deposition.  *See* Ex. 6, https://www.linkedin.com/pulse/shopify-vs-patent-trolls-defending-entrepreneurs-innovation-hertz (in which Ms. Hertz bravely calls people and organizations she has not met and/or mischaracterizes as "cowards" and other such incendiary attacks).

Ms. Hertz should be subject to questioning about Shopify's policies as they relate to patent litigation and Shopify's continued willful infringement, as well as her statements about the third-parties discussed in her article.[5]  Nor should Shopify be able to hide her testimony behind broad claims of privilege or claims that she is too busy as an apex deponent to be concerned with this case when she has opted to share with the world her and Shopify's policies about patents.  *See, e.g.*, *id.*

---

[5] Lower48 does not agree that discovery about IP Edge is relevant to this case, but Shopify disagrees.  Indeed, Shopify has served document subpoenas on IP Edge, an IP Edge principal, IP Edge's former office manager, and a prosecuting attorney, and has taken the 30(b)(6) deposition of IP Edge and the personal deposition of an IP Edge principal.  Shopify also seeks to take the deposition of IP Edge's former office manager and a prosecuting attorney, but as those witnesses have explained in their respective motions to quash, Shopify's respective requests for full seven (7) hour depositions of these witnesses are meritless. *See In re: Motion to Quash by Erin Madill*, Case No. 6:24-mc-00489-DAE (W.D. Tex.); *In Re: Linh Deitz*, Case No. 6:24-mc-00491-DAE (W.D. Tex.).  Shopify also had an opportunity to establish a foundation for questioning Ms. Deitz and Mr. Madill at deposition during the aforementioned deposition of IP Edge, the IP Edge principal, as well as the depositions of Lower48 and Lower48 Analytics, but Shopify failed to do so. *See* Ex. 7, Bodepudi (IP Edge 30(b)(6)) Dep. Tr., at 94:20–97:14; Ex. 8 at ¶ 2.

Shopify raises two objections to Ms. Hertz's deposition: (1) that it is an apex deposition; and (2) that it exceeds the 10 fact depositions permitted by Rule 30. *See* Fed. R. Civ. P. 30.  Neither argument has merit. As to the apex deposition concern, Ms. Hertz has clearly taken a personal interest in this case sufficient that she feels justified in publishing incendiary characterizations of Lower48 and other entities with varying roles in the case.  *See, e.g.*, *Asplundh Tree Expert, Co. v. Alamo Grp., Inc.*, No. SA-12-CA-516-DAE, 2013 WL 12126010, at \*2 (W.D. Tex. June 10, 2013) (ordering depositions of CEO who had personal knowledge and involvement in relevant events); *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 265 (N.D. Cal. 2012) (ordering depositions of Samsung CEO, along with five other "apex" executives, because "the court is similarly persuaded that [the CEO] may have engaged in 'the type of hands-on action which demonstrates the unique personal knowledge required to compel a deposition of a CEO.'") Ms. Hertz's out of court statements reflect open bias and hostility to the rights of recognized patent holders such as Lower48 and are relevant to Shopify's continued willful infringement of the patents at issue in this case.

As to the number of fact depositions, Lower48 has withdrawn its deposition request for Mr. Tom Newton, and so Ms. Hertz's deposition will be its tenth or fewer in this case.[6]  Thus Lower48's request for Ms. Hertz's deposition does not violate this rule.  And Lower48 has only requested a 3-hour deposition of Ms. Hertz.

---

[6] Indeed, Plaintiff Lower48 has deposed (1) Mr. Vieira, and has requested or noticed the depositions of (2) Shopify, Inc., (30)(b)(6); (3) Mr. Walkinshaw; (4) Mr. Abrams; (5) Mr. Coates; (6) Ms. O'Hara; (7) Mr. Mandel; (8) Ms. Freidman; and (9) Mr. Arvai.  But the parties are discussing whether the deposition of Ms. O'Hara will go forward.

## IV.     CONCLUSION

For the reasons discussed above, Lower48 requests that the Court compel Shopify to produce the source code described herein and make Ms. Hertz available for a three-hour deposition as identified in the attached Proposed Order.

Dated: February 19, 2025                    Respectfully submitted,

                                            By: */s/   Gabriel R. Gervey*
                                            Gabriel R. Gervey
                                            Texas State Bar No. 27072112
                                            ggervey@dinovoprice.com
                                            Andrew G. DiNovo
                                            Texas State Bar No. 00790594
                                            adinovo@dinovoprice.com
                                            Michael French
                                            Texas State Bar No. 24116392
                                            mfrench@dinovoprice.com
                                            DINOVO PRICE LLP
                                            7000 N. MoPac Expressway, Suite 350
                                            Austin, Texas 78731
                                            Telephone: (512) 539-2626
                                            Facsimile:  (512) 727-6691

                                            *Attorneys for Plaintiff Lower48 IP LLC*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that counsel for Plaintiff Lower48 IP and counsel for Shopify conferred by email on at least December 20, 2024, January 7, 2025, February 17, 2025, and February 18, 2025.  The parties also conferred by videoconference on January 7, January 13, January 29, and February 6, 2025.  The Parties could not come to an agreement regarding Shopify's production of the source code and deposition requested in this Motion.

*/s/   Gabriel R. Gervey*
Gabriel R. Gervey

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 19, 2025, a true and correct copy of the foregoing document was caused to be served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/   Gabriel R. Gervey*
Gabriel R. Gervey