**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

LOWER48 IP LLC,

       *Plaintiff,*

    v.

SHOPIFY INC.,

       *Defendant,*

Case No. 6:22-cv-00997-DAE

███████████████████████

█████████████████

**PLAINTIFF LOWER48 IP LLC'S RESPONSE TO SHOPIFY, LLC'S MOTION TO COMPEL DISCOVERY OF PLAINTIFF'S VERBAL COMMUNICATIONS WITH THIRD-PARTY IP EDGE LLC**

TABLE OF CONTENTS

I.      SUMMARY OF THE ARGUMENT ........................................................................ 1

II.     BACKGROUND .................................................................................................... 2

III.    LEGAL STANDARD............................................................................................. 4

IV.     ARGUMENT ......................................................................................................... 5

        A.      The Attorney-Client Privilege Protects the Verbal Communications..................... 5

                1.      The Attorney Client Privilege Shields the Communications Because IP
                        Edge is Lower48 IP's Representative. ......................................................... 5

                2.      The Attorney Client Privilege Shields the Communications Because IP
                        Edge and Lower48 IP Share a Common Interest........................................ 6

        B.      Lower48 IP's Legal Strategy Communications Are Protected by Fed. R. Civ. P.
                26(b)(3) Work Product Protections......................................................................... 7

                1.      Lower48 Has Not Waived Work Product Protections. .............................. 7

                2.      Fed. R. Civ. P. 26(b)(4) and 26(b)(3) Protect Conversations from
                        Disclosure. ................................................................................................. 8

V.      CONCLUSION...................................................................................................... 10

**Cases**

*Aiken v. Texas Farm Bureau Mut. Ins. Co.*,
151 F.R.D. 621 (E.D. Tex. 1993)................................................................................7

*Autobytel, Inc. v. Dealix Corp.*,
455 F. Supp. 2d 569 (E.D. Tex. 2006).........................................................................6

*Bross v. Chevron U.S.A. Inc.*,
No. CIV.A. 06-1523, 2009 WL 854446 (W.D. La. Mar. 25, 2009)............................9

*Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*,
218 F.R.D. 125 (2003)................................................................................................5

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*,
219 F.R.D. 396, 401 (E.D. Tex. 2003).......................................................................6

*Hickman v. Taylor*,
329 U.S. 495 (1947)...............................................................................................9, 10

*Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*,
768 F.2d 719 (5th Cir. 1985)......................................................................................4

*Homeland Ins. Co. of New York v. Clinical Pathology Lab'ys, Inc.*,
643 F. Supp. 3d 675 (W.D. Tex. 2022)....................................................................8, 9

*In re LTV Sec. Litig.*,
89 F.R.D. 595 (N.D. Tex. 1981)..................................................................................5

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
No. 05-MD-1720 (MKB), 2018 WL 1162552 (E.D.N.Y. Feb. 26, 2018)...............9, 10

*In re Santa Fe Int'l Corp.*,
272 F.3d 705 (5th Cir. 2001)......................................................................................4

*Kansas City Power & Light Co. v. United States*,
139 Fed. Cl. 546 (2018).............................................................................................7

*Luckenbach Texas, Inc. v. Engel*,
No. 1:19-CV-00567-DH, 2022 WL 9530041 (W.D. Tex. Oct. 14, 2022)..................6

*National Western Life Ins. Co. v. Western Nat. Life Ins. Co.*,
   2011 WL 840976 (W.D. Tex. 2011)................................................................... 8

*Schilling v. Mid-Am. Apartment Communities, Inc.*,
   No. A-14-CV-1049-LY, 2016 WL 3211992 (W.D. Tex. June 9, 2016) .......................... 4, 5, 10

*Seibu Corp. v. KPMG LLP*,
   2002 WL 87461 (N.D. Tex. Jan. 18, 2002) ........................................................... 10

*Stanley v. Trinchard*
   2005 WL 230938 (E.D. La. Jan. 27, 2005)............................................................ 7

*UMG Recordings, Inc., et al., v. Grande Communications Networks, LLC.*
   2018 WL 4627668 (W.D. Tex. 2018)................................................................... 5

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981)....................................................................................... 4


**Statutes**

35 U.S.C. § 285............................................................................................. 2, 7


**Rules**

Fed. R. Civ. P. 26 ..................................................................................... 1, 4, 8, 9, 10

Fed. R. Civ. P. 30 ........................................................................................... 7

Tex. R. Evid. 192.5 .......................................................................................... 10

Tex. R. Evid. 503 ............................................................................................ 10

iv

## I.    SUMMARY OF THE ARGUMENT

Shopify's Motion to Compel (the "Motion") should be denied because the requested verbal communications are all protected from discovery as privileged and under Rule 26. Indeed, Shopify seeks verbal legal strategy communications between Plaintiff Lower48 IP ("Lower48 IP"), Plaintiff's legal counsel, and IP Edge LLC ("IP Edge"), Plaintiff's engaged representative and consultant. To prevail, Shopify must overcome attorney-client privilege; common interest privilege; work product protection; and other Rule 26 protections barring discovery. Shopify argues the attorney-client privilege does not apply because IP Edge is not Lower48 IP's legal counsel, and that common interest does not apply. Shopify further asserts that any work product protections are waived, and in any event, do not apply. But Shopify is incorrect on all fronts. The Court should deny discovery because:

- Attorney-client privilege protects the communications between Lower48 IP, IP Edge, and Lower48 IP's counsel because (a) IP Edge is Lower48 IP's agent/representative authorized to facilitation the provision of legal advice, and (b) the common interest privilege applies as Lower48 IP and IP Edge share a common interest in the confidentiality of documents, in defending against Shopify's potential (and meritless) 35 U.S.C. § 285 allegations, and in the validity of the patents asserted in this case;
- Fed. R. Civ. P. 26(b)(4)(D)(ii) bars discovery of communications between Plaintiff, Plaintiff's attorneys, and Plaintiffs non-testifying experts; and
- Fed. R. Civ. P. 26(b)(3)(A)'s protections were not waived and prohibit discovery of the verbal communications at issue (between Lower48 IP, Lower48 IP's counsel, and Lower48 IP's consultants).

Rather than focusing on the legal issues at hand, Shopify opens its motion with a wild and irrelevant fusillade against non-party IP Edge.[1] To the contrary, and as explained below, the law and facts merit denial of Shopify's Motion.

---

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

## II.    BACKGROUND

IP Edge's personnel include a legal professional with technical knowledge, Gautham Bodepudi, and another technical consultant, ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████    Lower48 IP leverages IP Edge to communicate with counsel on behalf of Lower48 IP because IP Edge has the expertise to do so effectively and assist with the complex nexus of technology and law that patent litigation represents. ██████████████

████████████████████████████████████████████████████████████████

████████████████████████████    Ex. B.

Further, Lower48 IP and IP Edge share common legal interests in this proceeding. Indeed, in its Motion, Shopify has threatened IP Edge with possible sanctions under 35 U.S.C. § 285. IP Edge and Lower48 IP also have common legal interests in maintaining the confidentiality of certain documents and information and in the preservation of patent validity and the enforcement of Lower48 IP's patents. Ex. D.

To the extent Shopify implies that Mr. Petty refused to answer questions about his and Lower48 IP's conversations with IP Edge, Shopify is incorrect. Shopify omits that Mr. Petty answered questions about many non-privileged conversations with IP Edge—including many at counsel's direction. These include:

_____

████████████████████████████████████████████████████████████████



Shopify's Motion is directed to discovering Plaintiff's legal strategy in the present case. And Lower48 IP's counsel objected to preserve attorney-client privilege and work product protections for these communications. *Id.*, 82:8 – 84:24.

Finally, Shopify's characterization of Kent Petty and Simina Farcasiu's "conscription" in IP Edge's alleged scheme is incorrect, scurrilous, and patronizing.[2] Motion, 2 – 3. ███████

███████████████████████████████████████

Any reliance by Mr. Petty and Ms. Farcasiu on IP Edge in launching Lower48 IP supplemented their own business development acumen. █

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

The characterization of Lower48 IP by Shopify as a type of sham company with "virtually no operations" is incendiary, false, and irrelevant to Shopify's infringement of valid and subsisting

---

[2] Shopify also references IP Edge's affairs outside of the scope of this litigation, which require no response here, as they pertain to Judge Connolly's rules in Delaware regarding litigation funding. *See, e.g.*, Dkt. 36, 3 – 4. And Shopify attempted similar tactics intended to color public perception on social media, e.g. LinkedIn, through their general counsel, Jessica Hertz.

patent rights. ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████

### III.    LEGAL STANDARD

The purpose of privilege is to encourage full and frank communication between attorneys and their clients which is essential for the provision of sounds legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

Attorney-client communications can remain privileged even if communicated through a representative, provided certain conditions are met. The attorney-client privilege extends to communications involving a client's representative if the representative (1) has the authority to obtain professional legal services on behalf of the client, (2) has the authority to act on legal advice rendered to the client, or (3) made or received the confidential communication while acting within the scope of their employment for the purpose of effectuating legal representation to the client. *Schilling v. Mid-Am. Apartment Communities, Inc.*, No. A-14-CV-1049-LY, 2016 WL 3211992, at *2 (W.D. Tex. June 9, 2016).

Attorney-client privilege is also not waived if the communications at issue are disclosed to a party with a common legal interest – the common legal interest extension of the attorney-client privilege. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 711 (5th Cir. 2001); *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.,* 768 F.2d 719, 721 (5th Cir. 1985).

Further, a party may not, ordinarily, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in

4

anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. Fed. R. Civ. P. 26(b)(4)(D)(ii).

## IV.    ARGUMENT

### A.    The Attorney-Client Privilege Protects the Verbal Communications.

Shopify argues that the attorney-client privilege does not apply because IP Edge is not Lower48 IP's attorney and the common interest privilege does not apply.  Shopify is incorrect.

> 1.    The Attorney Client Privilege Shields the Communications Because IP Edge is Lower48 IP's Representative.

While communications with third parties generally negate the attorney client privilege, an established exception exists for client/attorney representatives. This is recognized, for example, in *UMG Recordings, Inc., et al., v. Grande Communications Networks, LLC*. 2018 WL 4627668, at *3 (W.D. Tex. 2018); *see also Ferko v. National Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134 (2003) (protecting discussions with financial representative for purpose of obtaining legal advice); *Schilling*, 2016 WL 3211992, at *2 (attorney-client privilege extends to communications involving a client's representative if certain conditions are met). *Ferko* further explains that the attorney-client privilege "must include all other persons who act as the attorney's agents," … "because the practice of law has increasingly grown more complex, [and] attorneys cannot function effectively without the help of others." *Ferko*, 218 F.R.D. at 134 (internal citations omitted); *see also In re LTV Sec. Litig.*, 89 F.R.D. 595, 603–606 (N.D. Tex. 1981) (communication between client representative corporate employees and corporation's counsel privileged). ███

███████████████████████████████████████████████████████

██████████████████████████████████████████ thus falling within the *Ferko* exception.

    2.    <u>The Attorney Client Privilege Shields the Communications Because IP Edge and Lower48 IP Share a Common Interest.</u>

Shopify contends that the common interest privilege does not apply here because IP Edge and Lower48 IP are not co-plaintiffs and █████████████████████████ But Shopify's argument fails. Lower48 IP and IP Edge indeed share the common legal interests of at least (a) preserving the validity of and enforcing Lower48 IP's patents; (b) preserving the confidentiality of certain documents ████████████████████████████ ████████████████ and (c) potentially defending against repeated threats of 35 U.S.C. § 285 sanctions for seeking to enforce valid and subsisting patent rights. *See Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 576 (E.D. Tex. 2006) (parties had a natural and common interest in consulting about a potential infringement suit because the suit might impact the merger of the companies). Co-plaintiff status is definitively not required. *See, e.g., Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003) (maintaining patent rights between patentee and licensee (i.e., a non-party to litigation) is a common legal interest); *Luckenbach Texas, Inc. v. Engel,* No. 1:19-CV-00567-DH, 2022 WL 9530041, at *4 (W.D. Tex. Oct. 14, 2022) ("the Court concludes that the [common interest] privilege can apply in other scenarios [other than co-defendant or potential co-defendant], provided the parties have a 'a common legal interest with respect to the subject matter of the communication' and that the parties face 'a palpable threat of litigation at the time of the communication.'") (internal citations omitted).

Shopify's reliance on Lower48 IP's plaintiff status or its "refus[al]" to add IP Edge as a co-plaintiff further fails to merit denial. Shopify has made Lower48 IP a counterclaim defendant in this proceeding, thus negating the plaintiff distinction, and has threatened to seek sanctions against IP Edge, thereby forcing IP Edge to prepare a possible defense in coordination with Lower48 IP. Relatedly, Shopify's efforts to require Lower48 IP to add IP Edge as a party is a legal

non sequitur. It has always been free to challenge standing and has opted not to do so, recognizing the lack of legal gravitas in their own spurious demands.

Shopify's legal support is equally unavailing and distinguishable. None of its cases involved a common interest in preserving patent validity, confidentiality of documents, or defending allegations of 35 U.S.C. § 285 sanctions. *See, e.g.*, *Stanley v. Trinchard* 2005 WL 230938 (E.D. La. Jan. 27, 2005) (Shopify relies on *dicta*, with the case pertaining to fiduciary duty and not a common interest in preserving patent validity, confidentiality of documents, or defending 35 USC § 285 sanctions); *Kansas City Power & Light Co. v. United States*, 139 Fed. Cl. 546, 563 (2018) (disputed discovery in a wrongful death case wherein the plaintiff could not fundamentally demonstrate that their communications with the other interested party were made in furtherance of the shared interest); *Aiken v. Texas Farm Bureau Mut. Ins. Co*., 151 F.R.D. 621, 624 (E.D. Tex. 1993) (disputed discovery related to defalcation wherein the court determined that the audiotapes recorded by the defendant of their meetings with counsel did not record "the rendition of legal services," but rather "examples of schmoozing").

 **B.** **Lower48 IP's Legal Strategy Communications Are Protected by Fed. R. Civ. P. 26(b)(3) Work Product Protections.**

  1. <u>Lower48 Has Not Waived Work Product Protections.</u>

Shopify argues work product protection is waived, but its objections regarding the purported insufficiency of objections is unfounded. █████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██ Fed. R. Civ. P. 30(c)(2) simply requires that an objection be stated on the record. Further, Shopify's characterization of Lower48's objections as "without any elaboration" seeks to apply a nonexistent standard. Speaking objections are discouraged. During the parties' meet and confer

about the matters at issue on February 19, 2025, Lower48 explained that an abundance of privileges and 26(b) protections applied to these communications and briefly discussed the merits of each, including work product. Ex. D, ¶ 4.  There was no waiver.

2.    Fed. R. Civ. P. 26(b)(4) and 26(b)(3) Protect Conversations from Disclosure.

Shopify also argues that work product protections under Fed. R. Civ. P. 26(b)(3) allegedly fail on the merits.  But as a threshold issue, Shopify fails to address protections under Fed. R. Civ. P. 26(b)(4)(D). As material at issue here involves counsel communications made to an expert consultant under the plain meaning of Fed. R. Civ. P. 26(b)(4)(D), discovery is barred by rule. *See also National Western Life Ins. Co. v. Western Nat. Life Ins. Co.*, 2011 WL 840976, at *2 (W.D. Tex. 2011) (denying discovery of communications between consulting and testifying experts).█

█████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████    Thus, Shopify's arguments about the alleged inapplicability of work product protections are unavailing. Shopify's reliance on *In re Payment Card Interchange Fee* and *Bross* are misplaced because they are directed to the discovery of employee work product, and not experts retained for litigation.

Instead, Shopify argues that work product protection under Fed. R. Civ. P. 26(b)(3)(A) does not apply because the protection is inapplicable to verbal communications. Even if Fed. R. Civ. P. 26(b)(4) protections do not apply (which they do), Shopify's assertions are incorrect. The attorney work product doctrine is broader than attorney-client privilege. *Homeland Ins. Co. of New York v. Clinical Pathology Lab'ys, Inc*., 643 F. Supp. 3d 675, 681 (W.D. Tex. 2022). The work product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries," and "[i]t

protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney." *Id.* (citations omitted). Further, as Shopify concedes in its brief, attorney work product may be tangible and intangible. Fed. R. Civ. P. 26(b)(3) includes certain additional protections beyond work product and tangible things explicitly prescribed in the rule, including for example "opinion work product" that relates to the attorney's mental processes. *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 17 (N.D. Tex. 2021); *see also Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Yet, Shopify apparently asserts that an attorney's mental impressions may be discovered in a roundabout fashion through verbal communication with a non-attorney consultant whose work product it admits is covered by Fed. R. Civ. P. 26(b)(3)(A). Shopify would create an unworkable situation where a lawyer would always have to communicate with consultants via written communication because verbal instructions are discoverable and would reveal the attorney's mental impressions.

Again, here, Shopify's reliance on *Bross* and *In re Payment Card Interchange Fee* is misplaced because neither case involved attorney work product applicable to Fed. R. Civ. P. 26(b)(3). In *Bross*, the disputed discovery involved work product created in the ordinary course of business by a non-attorney employee. *See Bross v. Chevron U.S.A. Inc.*, No. CIV.A. 06-1523, 2009 WL 854446, at *2, 6–7 (W.D. La. Mar. 25, 2009). In *In re Payment Card Interchange Fee*, the disputed discovery involved documents created by a non-attorney employee that reflected the employee's own thoughts and impressions. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB), 2018 WL 1162552, at *12 (E.D.N.Y. Feb. 26, 2018). ████████████████████████████████████████████████████
████████████████████████████████████████, thus implicating Fed. R. Civ. P. 26(b)(3) protections. Shopify's reliance on *In re Payment Card Interchange Fee* is further

misplaced because that Court, while allowing discovery of the non-attorney employee's work product, still limited the scope to exclude discovery of oral responses to questions that ask for the employee's impressions formed in consultation with counsel and protected by the work product doctrine. *See id.*, at *12.

Further, Shopify understates *Hickman's* impact on scope-of-privilege application. In *Hickman*, the Court broadened privileges past the literal reading of Fed. R. Civ. P. 26(b)(3). *See generally Hickman*, 329 U.S. 495. In the same vein, Fifth Circuit District Courts have sometimes relied on diversity cases citing the Texas Rules of Evidence to broaden the scope of federal common law regarding privilege where appropriate, including the Western District of Texas. *See Schilling*, 2016 WL 3211992, *4 (citing *Seibu Corp. v. KPMG LLP*, 2002 WL 87461 at *2 (N.D. Tex. Jan. 18, 2002)); Tex. R. Evid. 503(a)(2)(A)-(B). Thus, the Court may refer to Texas state law inform its decision. The Texas Rules of Evidence explicitly designate communications among the party's representatives ("attorneys, consultants, sureties, indemnitors, insurers, employees, or agents") as protected Work Product. Tex. R. Evid. 192.5(a)(2).

## V.    CONCLUSION

For the foregoing reasons, Lower48 IP respectfully requests that the court deny Shopify's Motion to Compel.

Dated: March 12, 2025

Respectfully submitted,

By: */s/ Andrew G. Dinovo*
Andrew G. DiNovo
Texas State Bar No. 00790594
Gabriel R. Gervey
Texas State Bar No. 27072112
Michael French
Texas State Bar No. 24116392
Adrian Sepulveda
Texas State Bar No. 24107545
DINOVO PRICE LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile:  (512) 727-6691
adinovo@dinovoprice.com
ggervey@dinovoprice.com
mfrench@dinovoprice.com
asepulveda@dinovoprice.com

*Attorneys for Plaintiff Lower48 IP LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on all counsel of record via electronic mail on March 12, 2025.

*/s/ Andrew G. DiNovo*
Andrew G. DiNovo