IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LOWER 48 IP, LLC,** § | |
| § | |
| *Plaintiff* § | |
| § | **CASE NO. 6:22-CV-997-DAE** |
| -vs- § | |
| § | |
| **SHOPIFY INC.,** § | |
| § | |
| *Defendants* § | |
| § | |

### ORDER DENYING DEFENDANT SHOPIFY'S
### MOTION TO COMPEL VERBAL COMMUNICATIONS (ECF NO. 97)

Before the Court is Defendant Shopify Inc.'s Motion to Compel Discovery of Plaintiff's Verbal Communications with Third-Party IP Edge LLC. ECF No. 97.[1] The defendant asks the Court to order the plaintiff to disclose its verbal communications with third-party, IP Edge. ECF No. 97. The plaintiff responded and asserted several reasons it contends that those communications are privileged. ECF No. 90. The motion has been fully briefed, and the Court heard oral argument on April 28, 2025. For the following reasons, the motion is **DENIED**.

**I.     Third-party IP Edge's role in this case.**

The defendant learned of the communications at issue during the deposition of the plaintiff's corporate representative. The defendant deposed the plaintiff's corporate representative, Mr. Petty, and asked several questions about IP Edge. Mr. Petty explained that IP Edge was a third-party consultant. ECF No. 97 at 7 & 77 (Ex. E, 54:9-14). The defendant also deposed IP Edge's corporate representative, who explained that IP Edge was party to many

---

[1] The motion was originally filed as an attachment to a Motion for Leave to File Under Seal at ECF No. 87. Once that motion for leave was granted, the present motion was entered on the docket as ECF No. 97.

conversations between the plaintiff and its attorneys. *Id.* at 43-49 (Ex. C, 69:13-70:12, 75:1-13) ▇ Ex. E, 83:9-23. When the defendant's attorney asked specific questions about those conversations, Mr. Petty refused to answer based on the instructions of the plaintiff's attorney. *Id.* at 80-84 (Ex. E, 80:24-84:24) & 94 (Ex. E, 211:5-212:4).

IP Edge is a third-party that the plaintiff contracted with for purposes of this lawsuit. IP Edge is not a law firm, is not acting as the plaintiff's attorney, and does not have an engagement agreement with any of the plaintiff's law firms. *Id.* at 5, 18-20 (Ex. A, -862), 21-28 (Ex. B), & 48 (Ex. C, 74:4-19). IP Edge is, however, contracted by the plaintiff to ▇

ECF No. 90 at 2; ECF No. 90-2 (Ex. B); ECF No. 90-3 (Ex. C: Amendment to Engagement Agreement). The plaintiff's agreements with IP Edge are in the record at multiple places. *See* ECF No. 97 at 18-28; ECF No. 90-2; ECF No. 90-3.

**II.  Analysis**

The defendant contends that injecting a third-party such as IP Edge into communications with the plaintiff's counsel destroys any privilege. The defendant relies on language in the ▇ to emphasize that IP Edge is neither counsel for the plaintiff nor a law firm. ECF No. 97 at 5, 18-20 (Ex. A, -862), & 21-28 (Ex. B, -711). The defendant contends that when the plaintiff injected a non-lawyer into communications with the plaintiff's attorney, it destroyed any applicable privilege. ECF No. 97 at 7-9 (citing *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 401 (E.D. Tex. 2003)) & 48 (Ex. C 74:8-25).

The plaintiff contends that the communications with IP Edge are protected because IP Edge is its representative for dealing with attorneys and managing litigation. The plaintiff's agreement with IP Edge specifically ███████████████████████████████████████ ███████████████████████████████████. ECF No. 90 at 2; ECF No. 90-3 (Ex. C) at 2 ███████████████████████████████████████████████████████████

███████████ The plaintiff relies primarily on cases that are analogous to the facts of this case. *See* ECF No. 90 at 5 (citing *UMG Recordings, Inc., v. Grande Commc'ns Networks, LLC,* No. A-17-CA-365-LY, 2018 WL 4627668 (W.D. Tex. Sept. 26, 2018) (denying a motion to compel as untimely and also noting that the information sought is likely privileged); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125 (E.D. Tex. 2003) (holding that that attorney-client privilege remains in tact when attorneys hire accountants to assist in analyzing financial information); *Schilling v. Mid-Am. Apartment Communities*, Case No. A:14-CV-1049-LY, 2016 WL 3211992 (W.D. Tex. June 9, 2016) (holding that privileges may extend to a client's representative, but not under the facts of this case)).

The most relevant citation is in a footnote in the earlier *Ferko* opinion. The footnote cites *In re Bieter Co.* for the point that a client can hire a representative to communicate with counsel without destroying the attorney-client privilege. *Ferko*, 218 F.R.D. at 134 n.6 (citing *In re Bieter Co.*, 16 F.3d 929, 937 (8th Cir. 1994)). This footnote states that the consultant must be the equivalent of an employee for the privilege to remain intact. *Id*.

*In re Bieter Co.* is helpful for determining whether a consultant destroys the privilege. 16 F.3d 929. The *Bieter* court found that independent consultants can fall within the privilege when dealing with corporations and partnerships. *Id*. at 937. The court found that a consultant to a real

estate developer could fall within the attorney-client privilege of the developer, and that a district court's holding otherwise was reversed on mandamus. *Id*. at 938-941.

Applying the logic of *In re Bieter Co.*, the Court is persuaded that communications with IP Edge remain privileged. The defendant does not dispute that the communications were made for purposes of obtaining legal services. The defendant instead focuses on IP Edge's role as a third-party. ECF No. 97 at 4-5 (contending that the disclaimer of an attorney-client relationship prevents the communications from being made in confidence); ECF No. 98 at 1-2. The contract between the plaintiff and IP Edge and the testimony of the plaintiff's corporate representative makes clear that IP Edge's sole function is to ▮. ECF No. 90 at 5-6.; ECF No. 90-2 (Ex. B); ECF No. 90-3 (Ex. C). No one contends that if IP Edge were an employee of the plaintiff, its communications would destroy the privilege. Extending the privilege to this contractor ▮ is analogous to the situation described in *In re Bieter* where the consultant dealt with the principals of the client and the consultant's involvement was critical to state and federal court lawsuits. *In re Bieter Co.*, 16 F.3d at 938-939.

The defendant's argument based on *Williams v. Jeld-Wen, Inc.* is unpersuasive. ECF No. 98 at 1-2 (citing *Williams v. Jeld-Wen, Inc.*, No. 1:17-CV-01366, 2022 WL 509373 (W.D. La. Feb. 18, 2022)). The defendant emphasizes that IP Edge's involvement is not necessary because the plaintiff has capable counsel. It is not the attorneys, however, who have engaged IP Edge, but rather the plaintiff. The plaintiff has presented sufficient evidence to demonstrate that IP Edge is a representative of the client—the plaintiff—acting within the scope of ▮. As such, IP Edge's involvement in the communications

does not destroy the attorney-client privilege. The Court holds that communications involving IP Edge are privileged, and the defendant's motion is **DENIED**.

Having denied the defendant's motion based on the attorney-client privilege, the Court does not address the plaintiff's alternative arguments of common interest or work-product protection.

### III. Conclusion

For the foregoing reasons, the Defendant's Motion to Compel Discovery of Plaintiff's Verbal Communications with Third-Party IP Edge LLC (ECF No. 97) is **DENIED**.

SIGNED this 2nd day of June, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE